NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE APOTEX, INC. and APOTEX CORP.,**
*Petitioners.*

---

Miscellaneous Docket No. 941

---

On Petition for Writ of Mandamus to the United States District Court for the District of New Jersey in consolidated case nos. 07-CV-4417, 08-CV-3065, and 08-CV-4053, Judge Stanley R. Chesler.

---

## ON PETITION FOR WRIT OF MANDAMUS

---

Before NEWMAN, SCHALL, and PROST, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

### ORDER

Apotex, Inc. and Apotex Corp. (Apotex) petitions for a writ of mandamus directing the United States District Court for the District of New Jersey to enter judgment in favor of Apotex and against Hoffman-LaRoche, Inc. (LaRoche) on all LaRoche's claims related to U.S. Patent No. 4,927,814. LaRoche opposes. Apotex replies.0

Apotex filed an Abbreviated New Drug Application (ANDA) in 2007 with the United States Food and Drug

Administration seeking approval to market a generic version of LaRoche's osteoporosis drug Boniva. LaRoche subsequently sued Apotex for patent infringement. The district court's deadline for amending pleadings in La-Roche's suit expired on August 29, 2008 and discovery closed on June 26, 2009. On July 28, 2009, Apotex disclosed for the first time that it intended to assert a defense of patent expiration due to alleged terminal disclaimer and failure to pay a maintenance fee for another patent. The district court granted LaRoche's request to preclude Apotex from raising this defense, because Apotex had been aware of the defense since April of 2009 and failed to disclose the defense prior to the closing of fact discovery closing. Apotex now seeks a writ of mandamus, not only to direct that the district court allow it to assert the defense but also to direct the district court to grant judgment in its favor on the defense.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U. S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980). A court may deny mandamus relief "even though on normal appeal, a court might find reversible error." *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985); *see also United States v. Watson*, 603 F.2d 192, 196-97 (C.C.P.A. 1979) ("the writ will not issue to cure the mere commission of reversible error"). "That a petitioner may suffer hardship, inconvenience, or an unusually complex trial does not provide a basis for a court to grant mandamus." *In re Roche Molecular Sys., Inc.*, 516 F.3d 1003, 1004 (Fed. Cir. 2008) (citing *Watson*, 603 F.2d at 195).

We determine that Apotex has not shown that it has no other means of obtaining the relief requested. Specifically, Apotex has not shown that it cannot obtain adequate relief on appeal after final judgment. Thus, Apotex has not met its burden to obtain a writ of mandamus.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

JUL 0 2 2010
_____                    /s/ Jan Horbaly
Date                               Jan Horbaly
                                   Clerk

cc: Steven E. Feldman, Esq.
    Mark E. Waddell, Esq.
    Clerk, United States District Court For The District
    Of New Jersey

s20

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JUL 0 2 2010

JAN HORBALY
CLERK